STATE OF CONNECTICUT *v.* CARLOS E. GONZALEZ
(AC 33311)

Bear, Espinosa and Sullivan, Js.

Argued April 19—officially released August 28, 2012

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Paul Rotiroti*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Carlos Gonzalez, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b). On appeal, the defendant claims that the trial court erred by failing (1) to give a special credibility instruction for a cooperating witness and (2) to hold a pretrial hearing on the reliability of the cooperating witness' testimony. Because the defendant argues both claims simultaneously, and because both claims are closely related, we will consider them together. We affirm the judgment of the trial court.

On the basis of the evidence admitted at trial, the jury reasonably could have found the following facts. On August 5, 2009, the defendant was arrested for possession of narcotics with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b). Prior to that date, Carlos Colon had been arrested for possession of heroin with intent to sell. In exchange for a promise that Frank Bellizzi, a police officer for New Britain, would inform the prosecutor and the court of his cooperation, Colon offered to assist police in investigating other drug dealers. On August 5, 2009, in the presence of Bellizzi, Colon placed a phone call in Spanish, purportedly to the defendant. Colon testified that he told the defendant that he knew someone who wanted to buy 150 grams of cocaine. The defendant informed Colon that he would be able to sell that amount of cocaine to Colon's buyer. Colon picked up the defendant at his house and drove him to a restaurant in Meriden. While inside the restaurant, the defendant received a phone call, walked outside, got into a car and drove off. While the defendant was outside of the restaurant, Colon called Bellizzi and informed him that the person who was supposed to give the cocaine to the defendant had arrived. Soon thereafter, the defendant called Colon and asked him to pick him up on the corner of the street. Colon testified that he observed the defendant with a package wrapped in newspaper, which Colon believed to be cocaine. Colon then told the defendant that he would take him to the buyer who was in New Britain. When the defendant and Colon were approaching New Britain, Bellizzi contacted Officer John Prisavage of the New Britain police department to inform him that an individual cooperating with him was going to be in New Britain. Bellizzi informed Prisavage that he wanted the vehicle stopped because the passenger possessed cocaine. When the car was stopped by the New Britain police, the defendant

attempted to hide the package of cocaine under the front passenger's seat. A drug sniffing dog was brought to the scene. The dog alerted the police officers to both the package[1] under the front passenger seat, as well as to the defendant who had been removed from the car.

At trial, neither side submitted a request for jury instructions. The parties, however, had several discussions on the record with the court concerning the court's various drafts of jury instructions. Specifically, for the instruction regarding the credibility of a cooperating witness, the court stated that it would give a "compromise" instruction. The court stated that it added an instruction because it was concerned by recent case law on the subject of cooperating witness credibility. The court informed both parties that it added the following instruction and explained its reasoning for it. "[W]as there any motive for testifying falsely—and I don't put names—just motive for testifying falsely and inculpating the accused; you consider extent of a witness' testimony by other evidence, any benefits received in exchange for his testimony and the circumstances under which the witness provided the information; reasonableness of the witness' testimony in light of all the other evidence or was he contradicted." Neither side objected to the proposed instruction. The state responded to the court's proposed instruction by saying: "Oh, that's perfectly fine, Your Honor." Counsel for the defendant responded by saying: "That's fine, Judge."

In accordance with the discussions it held with the parties, the court instructed the jury in relevant part as follows: "You as fact finders must determine the credibility of the witnesses who have appeared before you. . . . [I]n deciding what the facts are, you must consider all the evidence. In doing this, you must decide

---

[1] At trial, the defendant's counsel stipulated that the package recovered from the car contained cocaine.

what testimony to believe and which testimony not to believe. You may believe or disbelieve all, none or any part of any witness' testimony. In making that decision, you may take into account a number of factors including the following: (1) was the witness able to see or hear or know the things about which the [witness] testified; . . . (4) did the witness have any interest in outcome of this case or any bias or prejudice concerning any party or any matter involved in the case; (5) was there any motive for testifying falsely in inculpating the accused. You should consider the extent of a witness' testimony being confirmed by other evidence, any benefits received in exchange for his testimony, and the circumstances under which the witness provided the information to the police or prosecutor . . . ." Neither party objected to the instructions given to the jury.

On appeal, the defendant argues that this court should exercise its supervisory authority over the administration of justice to require trial courts to give special credibility instructions and to hold pretrial reliability hearings regarding cooperating witnesses. The defendant concedes that his claim is unpreserved as he did not request specific jury instructions or a pretrial reliability hearing, or object during any of the pertinent proceedings at trial. He asserts, however, that his claim is reviewable pursuant to this court's supervisory authority over the administration of justice. The defendant further concedes that a special credibility instruction and a pretrial reliability hearing are not constitutionally required,[2] but he asserts that "a rule should be enunciated as a matter of policy in light of the potential for miscarriages of justice to occur on account of the testimony of cooperating witnesses such as Carlos Colon." The defendant argues that Colon's

[2] The defendant further conceded that such an instruction is not presently required by our case law but asks us to create a rule requiring such an instruction.

testimony posed the same dangers as that of a jailhouse informant for whom special credibility instructions are required under *State* v. *Arroyo*, 292 Conn. 558, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010), and *State* v. *Patterson*, 276 Conn. 452, 886 A.2d 777 (2005). We disagree with the defendant.

We begin by setting forth the standard of review. "It is a well established principle that a defendant is entitled to have the jury correctly and adequately instructed on the pertinent principles of substantive law. . . . The charge must be correct in the law, adapted to the issues and sufficient to guide the jury. . . . The primary purpose of the charge to the jury is to assist [it] in applying the law correctly to the facts which [it] find[s] to be established. . . . [A] charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Although [a] request to charge which is relevant to the issues of [a] case and which is an accurate statement of the law must be given . . . [a] refusal to charge in the exact words of a request . . . will not constitute error if the requested charge is given in substance. . . . Thus, when the substance of the requested instructions is fairly and substantially included in the trial court's jury charge, the trial court may properly refuse to give such instructions. . . .

"Generally, a [criminal] defendant is not entitled to an instruction singling out any of the state's witnesses and highlighting his or her possible motive for testifying falsely. *State* v. *Ortiz*, [252 Conn. 533, 561, 747 A.2d 487 (2000)]; accord *State* v. *Colon*, 272 Conn. 106, 227, 864

A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005). We have recognized two exceptions to this general rule, however: the complaining witness exception and the accomplice exception. . . . Under the complaining witness exception, when the complaining witness [himself] could . . . have been subject to prosecution depending only upon the veracity of his account of [the] particular criminal transaction, the court should . . . [instruct] the jury in substantial compliance with the defendant's request to charge to determine the credibility of that witness in the light of any motive for testifying falsely and inculpating the accused. . . . In order for [such a] request to be applicable to the issues in the case, there must be evidence . . . to support the defendant's assertion that the complaining witness was the culpable party. . . .

"With regard to accomplice witnesses, we have stated that, [w]here it is warranted by the evidence, it is the *court's duty* to caution the jury to scrutinize carefully the testimony if the jury finds that the witness intentionally assisted in the commission, or if [he] assisted or aided or abetted in the commission, of the offense with which the defendant is charged. . . . [I]n order for one to be an accomplice there must be mutuality of intent and community of unlawful purpose." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Patterson*, supra, 276 Conn. 466–68. In *State* v. *Arroyo*, supra, 292 Conn. 569, our Supreme Court recognized a third exception—based on the inherent unreliability of jailhouse informant testimony—and created a rule requiring the trial court to give a special credibility instruction to the jury whenever such testimony is given, regardless of whether the informant has received an express promise of a benefit.

Under the facts and circumstances of this case, however, Colon's testimony does not fit squarely into one of the *Patterson-Arroyo* exceptions to the general rule

against special instructions. First, Colon does not meet the requirements of the first exception as a complaining witness because he could not have been prosecuted for his actions as he was cooperating with the police. Second, Colon does not meet the requirements of the second exception as he was not an accomplice witness because he did not share the same criminal intent as the defendant. Third, Colon does not meet the requirements of the third exception because he was not a jailhouse informant. Indeed, the defendant concedes these points. Instead, without supplying any statutory or decisional authority, he asks us to extend the exception to the rule to include cooperating witness testimony. We agree with the state that the defendant's claim is not reviewable, and we decline his request that we exercise our supervisory authority to extend the exceptions to include cooperating witnesses. We do not find the reasons advanced by the defendant for creating a new rule to be persuasive. Accordingly, we refuse to create a rule requiring trial courts to give special credibility instructions or to hold a pretrial reliability hearing regarding cooperating witnesses.

The judgment is affirmed.